**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**FILED**
**August 27, 2024**

C. CASEY FORBES, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**Norman B. Workman,**
**Claimant Below, Petitioner**


**v.)**   **No. 23-128**  (JCN: 2019024162)
                  (ICA No. 22-ICA-132)


**Waste Management,**
**Employer Below, Respondent**


**MEMORANDUM DECISION**

Petitioner Norman B. Workman appeals the February 2, 2023, memorandum decision of the Intermediate Court of Appeals of West Virginia ("ICA"). *See Workman v. Waste Management*, No. 22-ICA-132, 2023 WL 1463843 (W. Va. Ct. App. Feb. 2, 2023) (memorandum decision). Respondent Waste Management filed a timely response.[1] The issue on appeal is whether the ICA erred in affirming the August 29, 2022, decision of the West Virginia Workers' Compensation Board of Review, which affirmed the Workers' Compensation Office of Judges' February 15, 2022, order[2] upholding three orders entered by the claim administrator on August 26, 2020: denying a reopening for temporary total disability benefits; denying authorization for a chest x-ray, a neurological referral, an orthopedic referral, and the medication Zanaflex; and denying the compensability of cervical pain, back pain, and left rib pain as additional diagnoses.

---

[1] The petitioner is represented by counsel Sandra K. Law, and the respondent is represented by counsel Jane Ann Pancake, T. Jonathan Cook, and Jeffrey B. Brannon.

[2] The Board of Review decided the appeal of an order entered by the West Virginia Workers' Compensation Office of Judges on February 15, 2022; this appeal was already pending at the Board of Review on June 30, 2022, when the West Virginia workers' compensation system underwent a significant restructuring. Despite the restructuring, the Board of Review was responsible for deciding this and "all remaining appeals filed with the Board of Review, of Office of Judges' decisions issued prior to June 30, 2022[.]" *See* W. Va. Code § 23-5-8b(e). The order entered by the Board of Review was then appealed to the ICA, which pursuant to West Virginia Code § 23-5-8b(d)(2), has exclusive jurisdiction over all final orders or decisions issued by the Board of Review after June 30, 2022. *See also* W. Va. Code § 23-5-15(a) (directing that prior statutory provisions allowing for appeals from Board of Review directly to Supreme Court of Appeals do not apply to any Board of Review decision issued after June 30, 2022).

The claimant asserts that the ICA erred in affirming the decision of the Board for Review upholding the three denials from 2020. The claimant concedes that the Board of Review did not err in ruling that pain is not a diagnosis that can be added to a claim. *See Harpold v. City of Charleston*, No. 18-0730, 2019 WL 1850196, at *3 (W. Va. Apr. 25, 2019) (memorandum decision) (stating that pain cannot be added to a claim as it is a symptom instead of a diagnosis). Nevertheless, the claimant argues that the ICA erred in affirming the Board of Review because the totality of the evidence shows that seven diagnoses that are now in the record can be added to the claim as compensable conditions. The claimant complains that the ICA ignored various requests submitted on his behalf, such as those made by Chris Kennedy, D.O., from 2021, the year after the entry of the claim administrator's orders that are the subject of this appeal. But the ICA found that Dr. Kennedy's 2021 requests "are not at issue in this decision." *Workman*, 2023 WL 1463843, at *3 n.4. So, the employer contends that the claimant asks for relief beyond the scope of this appeal. The employer also maintains that the claimant points to no erroneous procedure, no arbitrary or capricious conclusions, and no abuse of discretion or jurisdictional error by the tribunals below.

This Court reviews questions of law de novo, while we accord deference to the lower tribunal's findings of fact unless the findings are clearly wrong. Syl. Pt. 3, *Duff v. Kanawha Cnty. Comm'n*, No. 23-43, 2024 WL 1715166 (W. Va. Apr. 22, 2024). Upon consideration of the record and briefs, we find no reversible error and therefore summarily affirm. *See* W. Va. R. App. P. 21(c).

Affirmed.

**ISSUED: August 27, 2024**

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Elizabeth D. Walker
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn